LOTTINGER, Chief Judge.
This appeal is brought by the Insurance Commissioner for the State of Louisiana from a judgment dismissing a Tennessee bank from an insurance liquidation proceeding on grounds that the bank does not have sufficient minimum contacts with Louisiana to render the bank subject to the personal jurisdiction of Louisiana’s courts.
FACTS
In 1984, a Louisiana resident, Patrick Huval, approached a Tennessee insurance broker, Gibbs Smith, for information about setting up a multiple employer insurance trust in Louisiana. Smith had previously set up such a trust with Third National Bank in Nashville (the Bank) as trustee, and approached the Bank to act as trustee for Huval's trust, the Summitt Insurance Plan Trust (the Trust). The Bank has no offices or employees in Louisiana, and otherwise conducts no business in this state.
Huval had his Louisiana insurance company, Group Programs, Inc., act as the administrator for the Trust, leaving the Bank with few duties other than to hold a group master insurance policy from which Group Programs’ Louisiana customers would obtain coverage for health and other insurances. The Bank properly obtained such a policy from Durham Life Insurance Company (Durham), through Smith’s efforts. The Trust was confected in 1985 by means of an Insurance Trust Agreement between the Bank and Group Programs, and a Master Administrative Agreement between Group Programs and Durham. Group Programs operated the Trust from its offices in Breaux Bridge, Louisiana.
In 1988, Durham allowed the policy to expire and declined to renew it. No other policy of insurance was obtained to replace the lapsed Durham policy. The Trust was now uninsured, and although the 1985 Insurance Trust Agreement provided that the Trust would immediately terminate if coverage lapsed unless new coverages could be obtained without gaps, Huval continued to operate Group Programs and the Trust. Huval reengineered the Trust by entering into a second Master Administrative Agreement between Group Programs and the Trust, now standing in the place of Durham as its own insurer, in June of 1988. Marjorie Kirkpatrick, the Bank’s employee, signed this agreement on behalf of the Trust.
In 1990, the scheme unraveled when the Trust was placed in liquidation by petition of the Insurance Commissioner. In its at *277 tempt to marshal the assets of the Trust, the Insurance Commissioner named the Bank as a defendant for breaching fiduciary duties owed under the trust agreement to trust beneficiaries: the Louisiana residents who were employees of the companies subscribing for insurance coverage under the trust plan.
The Bank resisted the suit on grounds that it is not subject to the personal jurisdiction of Louisiana courts under the long-arm statute, La.R.S. 13:3201. It succeeded by asserting via the declinatory exception raising the objection of lack of personal jurisdiction that it lacks sufficient minimum contacts with the state to satisfy the due process requirements of the Louisiana and United States constitutions.
ASSIGNMENT OF ERROR
In its appeal the Insurance Commissioner contends that the district court erred in dismissing the Bank for lack of personal jurisdiction and erred in finding that the Bank had not established minimum contacts with the State of Louisiana so as to subject it to Louisiana’s long arm jurisdiction. La.R.S. 13:3201 et seq.
DISCUSSION
The Louisiana long-arm statute provides several bases for the assertion of jurisdiction over nonresidents, the broadest of which turns upon a finding of minimum contacts and fundamental fairness, the more specific enumerations being sufficient in and of themselves for the assertion of jurisdiction. See La.R.S. 13:3201, and the Comments thereunder. See also Thompson v. Great Midwest Fur Company, 395 So.2d 840, 842-843 (La.App. 1st Cir.1981). The purpose of the long-arm statute is to extend personal jurisdiction of Louisiana courts over nonresidents to the full limits of due process, i.e., to any nonresident who has had minimal contacts in the state. Thompson v. Great Midwest Fur Company, 395 So.2d at 843. The section must be liberally interpreted in favor of finding jurisdiction. Id.
In this case, we find a bank which acted, from 1985 through 1990, as the paid trustee of an insurance trust operating at one time solely in this state, which trust was formed only as a result of the compensated actions of the nonresident bank in entering into the Insurance Trust Agreement. We find that these facts constitute sufficient minimum contacts by the Bank with Louisiana to satisfy the due process requirements of the Louisiana and United States constitutions, such that it is fair to require the Bank to appear in Louisiana’s courts. See Thompson, 395 So.2d at 842.
The Bank knew at the inception of the trust that Huval and Group Programs were setting up business in Louisiana. The Bank further knew that it was receiving its trustee’s fee as a result of the business activities of Huval and Group Programs in Louisiana. The relative amount of this fee to the premiums paid by the subscribers is irrelevant.
Therefore, we reverse the trial court’s erroneous findings that the bank did not have sufficient minimum contacts with the state to justify the extension of long-arm jurisdiction over it.
CONCLUSION
Therefore, for the above and foregoing reasons the judgment of the trial court is REVERSED and this case is REMANDED for further proceedings. REVERSED AND REMANDED.